IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

        Plaintiff,                         No. CIV S-06-1334 FCD CMK P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.               FINDINGS & RECOMMENDATIONS

                                 /

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983, and has requested authority to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). On August 30, 2006, this court directed plaintiff to show cause, within twenty days, why this action should not be dismissed for failure to comply with the court's June 29, 2006 order that plaintiff submit a completed affidavit in support of his motion to proceed in forma pauperis. To date, plaintiff has neither responded to the order to show cause nor submitted a completed affidavit.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

1


interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.  See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of plaintiff's failure to submit a completed affidavit in support of his request to proceed in forma pauperis and failure to respond to the court's order to show cause, the court find that dismissal is appropriate.

IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 25, 2006.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE