IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

        Plaintiff,                    No. CIV S 06-1334 FCD CMK P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

        Plaintiff, a state prisoner brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(c)(17). By separate order, the court grants plaintiff's request to proceed in forma pauperis.

        Plaintiff alleges that he was given a parole date of November 20, 2005; however, on November 23 he was sent an amendment of his time from "8 with half to eight flat." Plaintiff states that he would like for the "116 days if not the whole 240 days taken off of [his] parole period." He also seeks monetary compensation for the extra days.

        Although plaintiff does state that the taking of his half time denied his due process rights, the gravamen of plaintiff's complaint appears to be a challenge to the duration of his confinement. Accordingly, habeas relief is not available. See Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991). The court is mindful of Wilkinson v. Dotson, 544 U.S. 74 (2005), which holds that prisoners can challenge the constitutionality of state parole procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to instead seek relief exclusively under federal habeas statutes.  However, in this instance, plaintiff seeks a speedier release–a reduction of parole time, and therefore, Wilkinson does not apply.  To the extent that petitioner is challenging the duration of his sentence, § 1983 relief is not available.  See Badea, 931 F.2d at 574.  Accordingly, it is appropriate to dismiss this action without issuing an order to show cause. See Harris v. Nelson, 394 U.S. 286, 298-99 (1969).

      IT IS RECOMMENDED that petitioner's civil rights action be dismissed.  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE